UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ONEIL EDWARDS

                                                   Plaintiff,

              -against-

THE CITY OF NEW YORK, DEPARTMENT OF      SECOND AMENDED
CORRECTION COMMISSIONER MARTIN HORN,     COMPLAINT AND
CHIEF CAROLYN THOMAS, CORRECTION OFFICER  JURY DEMAND
WILLIAM MALDONADO, JOHN DOE CORRECTION
OFFICER #1, JOHN DOE COURT OFFICERS #1-3,    07CV8390(NRB)

                                                  Defendants.
-------------------------------------------------------------- x

### PRELIMINARY STATEMENT

1.    This is an action in which plaintiff seeks relief for the tortious conduct of the defendants and the violation of his rights secured by 42 U.S.C. §1983, §1988, and the Fourteenth Amendment to the United States Constitution.

2.    The claim arises from a June 13, 2007 incident in which Officers of the New York City Department of Correction ("DOC") acting under color of state law subjected plaintiff to, among other things, negligence, gross negligence, deliberate indifference and failure to protect. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

### JURISDICTION

3.    This action is brought pursuant to 28 USC §1331, 42 USC §§1983, 1988 and the Fourteenth Amendment to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

5.    Venue is laid within the United States District Court for the Southern District of

New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff is a citizen of the United States and at all times here relevant resided in Bronx County, City and State of New York. He was a pre-trial detainee at the time of the incident in the custody of the Department of Correction.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. New York Department of Correction Commissioner Martin Horn ("Horn") was at all times here relevant the Commissioner of the New York City Department of Correction, and, as such, was a policy maker with respect to training, supervision, and discipline of DOC officers, including the other individual defendants. On information and belief, defendant Horn, as Commissioner of DOC, was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the defendants referenced herein. As Commissioner, defendant Horn is also responsible for the care, custody, and control of all inmates housed in the Department's jails. As Commissioner, Horn is provided with reports of security breaches by inmates in D.O.C. custody. Defendant Horn is sued in his individual and official capacities.

9. At all times relevant hereto, Carolyn Thomas ("Thomas") was the Chief of Department of the New York City Department of Correction, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting

under color of state law. As Chief of Department, Thomas is the highest ranking uniformed member of the department, and is responsible for the supervision, oversight, and discipline of uniformed security staff, including the supervisory security staff, in all Department jails. She is also responsible for the care, custody, and control of all inmates in the Department jails. As Chief of Department, Thomas is provided with reports of security breaches by inmates in D.O.C. custody. Defendant Thomas is sued in her individual and official capacities.

10. All others individual defendants ("the officers") are employees of the DOC, and are sued in their individual capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## JOINT LIABILITY

13. This action falls within one or more of the exceptions set forth in CPLR §1602.

## FACTUAL ALLEGATIONS

14. On June 13, 2007, plaintiff was in the custody of the Department of Correction in Bronx Supreme Court following a court appearance. Plaintiff was designated for protective custody due to the nature of the criminal accusations against him. After his appearance, plaintiff was cuffed and escorted with another unrestrained inmate, who wore a brown jumpsuit signifying prior violent behavior, back to the elevator. This other inmate confronted plaintiff and

knocked him unconscious.

15. Plaintiff suffered serious injuries as a result of the attack.

16. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    b. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    c. Physical pain and suffering;

    d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety.

### FIRST CAUSE OF ACTION
### (42 USC § 1983)

17. The above paragraphs are here incorporated by reference.

18. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

19. Defendants' conduct deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

20. Plaintiff has been damaged as a result of defendants' wrongful acts.

### SECOND CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

21. The above paragraphs are here incorporated by reference.

The City, the Commissioner, and the Chief are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

22. The City, the Commissioner, and the Chief knew or should have known of their employees', agents', or servants' propensity to engage in the negligent acts detailed above. The aforesaid event was not an isolated incident. The City, the Commissioner, the Chief have been aware for sometime from lawsuits, notices of claim and the complaints of inmates and their families and friends, as well as events immediately prior to this incident, that inmates placed in protective custody require additional security. The procedures for separating protective custody inmates from others were ineffective and officers were insufficiently trained on how to separate prisoners properly and thoroughly. Despite such notice, the City failed to take corrective action. This failure was not merely negligence but shows a deliberate indifference to the civil and constitutional rights of this and other inmates.

23. The inmate who attacked plaintiff inside the courthouse had been identified by the Department of Correction as dangerous. Defendants had actual knowledge of the assaulting inmate's prior violent behavior.

24. The City, the Commissioner, and the Chief have failed to take the steps to discipline, train, supervise or otherwise correct the negligent, grossly negligent, and deliberately indifferent conduct of the individual defendants in this and in similar cases involving misconduct.

25. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, the Commissioner, and the Chief to the constitutional rights of persons within DOC custody, and were the cause of the violations of plaintiff's rights here alleged.

26. Defendants the City, the Commissioner, and the Chief have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the negligent acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

27. Plaintiff has been damaged as a result of the wrongful and negligent acts of the City, the Commissioner, and the Chief.

## THIRD CAUSE OF ACTION
### (DELIBERATE INDIFFERENCE TO PHYSICAL HARM)

28. The above paragraphs are here incorporated by reference.

29. Defendants have acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to due process of law pursuant to the Fourteenth Amendment of the United States Constitution and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

30. Defendants knew plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.

31. The substantial risk of harm resulting from defendants' deliberate indifference caused plaintiff to sustain serious injuries.

32. Plaintiff was damaged by the deliberate indifference of the defendants.

## FOURTH CAUSE OF ACTION
### (NEGLIGENCE)

33. All preceding paragraphs are here incorporated by reference.

34. Defendants owed plaintiff a duty to use reasonable care to protect him from foreseeable risk of harm.

35. The inmate who attacked plaintiff was a known security risk who had been

involved in a violent altercation prior to his attack of plaintiff. Defendants had actual knowledge that the transport of protective custody inmates posed heightened security risks to those inmates and that the inmate who assaulted plaintiff posed a particular security risk.

36. Plaintiff's injury was within the class of hazards which was reasonably foreseeable.

37. Defendants breached the duty they owed to plaintiff by failing to protect him from foreseeable harm in negligently allowing the inmate to have unrestrained access to plaintiff who was designated for protective custody, proximately causing plaintiff's injury.

38. Plaintiff was damaged by the negligence of the defendants.

FIFTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

39. All preceding paragraphs are here incorporated by reference.

40. Defendants, acting under color of law, violated plaintiff's rights pursuant to §6 of the New York State Constitution.

41. A damages remedy here is necessary to effectuate the purposes of §6 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

SIXTH CAUSE OF ACTION
(NEGLIGENT HIRING AND RETENTION)

42. The above paragraphs are here incorporated by reference.

43. Defendant officers had a negligent disposition and the Department of Correction knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' negligent dispositions through the hiring process and

retention of the employee.

44. Defendants knew or should have known that their failure to investigate defendant officers' negligent disposition would lead to plaintiff's injury.

45. Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to perform their responsibilities negligently.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

47. The injury to plaintiff was caused by the officers' foreseeable negligence.

SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

48. The preceding paragraphs are here incorporated by reference.

49. Defendants' tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

  C.  Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D.  Granting such other and further relief as this Court deems just and proper.

JURY DEMAND

  50.  Plaintiff demands a trial by jury.

DATED:  Brooklyn, New York
      February 21, 2008

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Department of Correction Commissioner
Martin Horn
60 Hudson Street
New York, NY 10013

Chief of Department of Correction
Carolyn Thomas
60 Hudson Street
New York, NY 10013

Correction Officer William Maldonado
Bronx Supreme Court
215 East 161st St.
Bronx, NY 10451

Yours, etc.,

Stoll, Glickman & Bellina, LLP
BY: Nicole Bellina
Bar #NB7154
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491