UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

ONEIL EDWARDS,

                                      Plaintiff,

                    -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN HORN,
CHIEF CAROLYN THOMAS, SERGEANT PATRICK
CULLEN, CORRECTIONAL OFFICER WILLIAM
MALDONADO, JOHN DOE CORRECTION OFFICERS
#1-3, JOHN DOE COURT OFFICERS #1-3,

                                  Defendants.

------------------------------------------------------------------------------x

**ANSWER TO THIRD
AMENDED COMPLAINT**

**07 CV 8390 (NRB)**

JURY TRIAL DEMANDED

        Defendants City of New York, Martin Horn and Carolyn Thomas by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the second amended complaint ("complaint"), respectfully allege upon information and belief, as follows:[1]

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke pendent and supplementary jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, defendant Correctional Officer Maldonado has not been served with process in this action.

4.   Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to proceed as stated therein.

5.   Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.   Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York.

8.   Deny the allegations set forth in paragraph "8" of the complaint, except admit that Martin Horn is the Commissioner of the New York City Department of Correction.

9.   Deny the allegations set forth in paragraph "9" of the complaint, except admit the Carolyn Thomas is employed by the City of New York Department of Correction.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to proceed as stated therein.

11. Paragraph "11" of the plaintiff's complaint states a conclusion of law and not an averment of fact, as such no response is required.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Paragraph "13" of the plaintiff's complaint states a conclusion of law, and not an averment of fact and as such, no response is required.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "18" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "20" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "27" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "32" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "48" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "41" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "47" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.


**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

50.    The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

51.    Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

52.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

53.    Plaintiff cannot obtain punitive damages against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

54.    Defendants Marin Horn and Carolyn Thomas had no personal involvement in the incident alleged in plaintiff's complaint.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

55.    At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their

discretion. Consequently, defendant City of New York and is entitled to governmental immunity.

### AS AND FOR A SEVNTH AFFIRMATIVE DEFENSE:

56. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

57. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

58. This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

59. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

60. Defendants Horn and Thomas have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

61. Plaintiff has failed to comply with the conditions precedent to suit.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

62. Plaintiff has failed to comply with New York General Municipal Law § 50-(e) and (i).

**WHEREFORE,** defendants City of New York, Martin Horn and Carolyn Thomas  request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             July 21, 2008

                                 MICHAEL A. CARDOZO
                                 Corporation Counsel of the
                                   City of New York
                                 Attorney for Defendants
                                 100 Church Street, Room 3-221
                                 New York, New York 10007
                                 (212) 788-1096

                          By:                /s
                                 SUMIT SUD (SS 2781)
                                 Assistant Corporation Counsel

cc:  Nicole Bellina, Esq.
     Attorney for plaintiff
     Stoll, Glickman and Bellina, LLP
     71 Nevins Street
     Brooklyn, New York 11217 (BY ECF)

Index No.  07 CV 8390 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONEIL EDWARDS,

                                        Plaintiff,

                     -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN HORN,
CHIEF CAROLYN THOMAS, JOHN DOE
CORRECTION OFFICERS #1-3, JOHN DOE
COURT OFFICERS #1-3,

                                        Defendants.

**ANSWER TO THIRD AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Sumit Sud*
*Tel:  (212) 788-1096*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.          , 2007*

*          Esq.*

*Attorney for*